■ CATO CORPORATION, Appellant, v MARTIN ROAMAN et al., Respondents. [625 NYS2d 175] —Supplemental order and judgment (one paper), Supreme Court, New York County (Lewis H. Friedman, J.), entered August 8, 1994, which awarded defendants counsel fees of $25,000 plus interest, unanimously reversed, on the law, and the counterclaim for such relief is dismissed, without costs.

Plaintiff tenant sued its landlord to settle its right to sublet premises, free of additional obligations. The issue involved this tenant's alleged responsibility, under a lease addendum and its subsequent modification, for additional space on the same floor, which had been leased to another tenant at the time plaintiff's lease was executed.

Plaintiff's predecessor in interest entered into a 9-year-and-9-month lease for commercial space from defendants in 1986. A letter addendum to the lease gave the tenant an option to rent the additional space, should that space become available. Two years later, for economic reasons, the tenant planned to remove its business from the premises and began a search for an appropriate subtenant. In negotiating for permission to sublet, plaintiff (the original tenant's assignee) found it necessary to sign a modification to the lease in November 1989, which purported to make the option for the additional space obligatory. Since plaintiff was anxious to move out, and its prospective subtenant was not interested in the additional space, plaintiff brought this action for a declaration that its right to sublet was being unreasonably withheld, and that the 1989 letter had been procured by fraud and under duress. Defendants counterclaimed for attorneys' fees, costs and expenses, alleging plaintiff's breach of the lease.

An order and judgment entered October 26, 1992, based upon a decision by then Justice (now U.S. District Judge) Harold Baer, Jr., awarded summary judgment to defendants, and referred the counterclaim question of the landlord's entitlement to counsel fees (the reasonable amount of which was later stipulated to be $25,000) for hearing, report and recommendation. This appeal is from the subsequent order and

judgment adopting the referee's recommendation to "proceed in accordance with the stipulation."

The lease provides for award of attorneys' fees in the event of the tenant's default or breach under the lease. Clearly, there was never any such dereliction on the part of plaintiff or its assignor. Plaintiff made it quite clear, throughout its relationship with defendants, that it would—and, in fact, did —continue to pay rent and live up to its obligations under the lease during the pendency of this litigation. Nor can plaintiff's pursuit of this litigation be viewed as an anticipatory breach, lately asserted by defendants. Concur—Sullivan, J. P., Rosenberger, Wallach and Rubin, JJ.